UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No.   FILED: MAY 20, 2008 |
| | ) |          08CV2933   PH |
| v. | ) |          JUDGE NORGLE |
| | ) | Judge  MAGISTRATE JUDGE ASHMAN |
| FUNDS IN THE AMOUNT OF SEVENTY-FIVE THOUSAND DOLLARS ($75,000), | ) ) ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR FORFEITURE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, for its verified complaint against the above-named defendant property alleges in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

1.  This complaint for forfeiture is verified by the attached affidavit of Task Force Officer Dennis Ivanich ("TFO Ivanich") of the United States Drug Enforcement Administration ("DEA"), which is fully incorporated herein.

**Jurisdiction and Venue**

2.  This is an *in rem* forfeiture action brought pursuant to Title 21, United States Code, Section 881(a)(6), for forfeiture of funds in the amount of seventy-five thousand dollars ($75,000), which funds were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of 21 U.S.C. § 801, *et seq*. This court has jurisdiction

over this action pursuant to Title 28, United States Code, Sections 1345 and 1355(a).

3. This court has *in rem* jurisdiction over the defendant property pursuant to Title 28, United States Code, Sections 1355(b)(1)(A) and (d), as certain of the acts giving rise to the forfeiture occurred within the Northern District of Illinois.

4. Venue is proper under 28 U.S.C. § 1395(b) because the defendant funds were found and seized within the Northern District of Illinois on October 27, 2007, and shall remain here during the pendency of this action.

## Statutory Authority

5. This forfeiture action *in rem* is brought pursuant to Title 21, United States Code, Section 881(a)(6).

## Specific Allegations

6. On October 27, 2007, prior to the departure of Train #5, traveling from Chicago, Illinois to Emeryville, California, Task Force Officer Eric Romano ("TFO Romano") screened its passenger manifest. TFO Romano learned that an individual named Donald Winchell ("Winchell") had purchased a round trip ticket for travel between Chicago, Illinois and Emeryville, California. TFO Romano also noticed that Winchell had made reservations several days prior via the internet however, he paid for the ticket in cash just ninety minutes prior to the scheduled departure time.

7. At approximately 1:40 p.m., TFO Romano, Task Force Officer Dennis Ivanich ("TFO Ivanich") and Task Force Officer Paul Oggerino ("TFO Oggerino") went to sleeper room C on car no. 532 to interview Winchell. When they arrived at sleeper room C the door was open but the room was empty. Agents then observed a male, subsequently identified as Winchell, exit room 5 after another passenger had advised him that he was in the wrong room. TFO Romano asked Winchell

what room he was looking for and Winchell replied room C.  TFO Romano directed Winchell to room C.  TFO Ivanich and other law enforcement agents identified themselves as police officers assigned to the DEA and presented their DEA photo credentials.  Further, TFO Ivanich advised Winchell that he was not under arrest but that the agents wanted to speak with him.  Winchell stated that he understood and agreed to speak with the agents.

8. TFO Ivanich asked to see Winchell's train ticket and photo identification.  Winchell presented his train ticket and an Illinois state driver's license.  TFO Ivanich noted the information on each of the documents and returned them to Winchell.  TFO Ivanich then asked Winchell his reason for travel and Winchell replied that he was planning to visit his daughter in California.

9. TFO Ivanich asked Winchell if he had any luggage and Winchell replied that the suitcase in the room was his.  TFO Ivanich asked Winchell whether he had packed his luggage himself and if he knew of the contents.  Winchell answered both questions affirmatively.  TFO Ivanich asked Winchell if anyone had given him any packages to take to California and Winchell responded negatively.

10. TFO Ivanich asked Winchell if he was carrying any weapons, narcotics or large amounts of foreign or United States currency and Winchell replied that he was not.  TFO Ivanich asked Winchell if he was carrying any prescription medications and Winchell responded affirmatively.  TFO Romano noticed that Winchell's hands were shaking.  TFO Ivanich then asked Winchell if he would consent to a search of his luggage and Winchell breathed heavily and replied negatively stating he did not want his luggage to be searched.

11. TFO Ivanich told Winchell that he was free to leave but that his luggage was going to be detained to the Amtrak police office in Union Station ("the office") until a narcotic odor

investigation could be performed on the bag. TFO Ivanich further explained that if the canine did not give a positive alert for the presumptive presence of narcotic odor on the luggage it would be returned. Winchell agreed to accompany the agents to the office.

12.    Cook County Sheriff's Police Canine Officer David Carroll ("Officer Carroll") responded with his canine "Kyra" and conducted a narcotic odor investigation on the luggage with the canine. Officer Carroll advised "Kyra" gave a positive alert for the presumptive presence of narcotic odor on the luggage. The Cook County Sheriff's Department certifies narcotic detector dogs every year. "Kyra" was last certified in April of 2007. "Kyra" has made over 50 narcotic finds on currency. Additionally "Kyra" has had no false positives and has had several instances of no detection.

13.    On October 28, 2007, United States Magistrate Judge Arlander Keys signed a warrant to search the contents of the detained luggage. Agents opened the suitcase and discovered a smaller gray suitcase. The search of the second suitcase revealed fifteen (15) bundles of United States currency inside of a plastic bag.

14.    The currency denominations for the seized currency are as follows: 1750 twenty dollar bills totaling thirty-five thousand dollars ($35,000); 100 fifty dollar bills totaling five thousand dollars ($5,000); and 350 one hundred dollars totaling thirty-five thousand dollars ($35,000), for a total of funds in the amount of seventy-five thousand dollars ($75,000) in United States currency.

15.    For the reasons stated herein and in the attached affidavit, there is probable cause to believe that funds in the amount of seventy-five thousand dollars ($75,000) were furnished or intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were used and intended to be used to facilitate a violation of the

Controlled substances Act, 21 U.S.C. § 801, *et seq*., and are therefore subject to forfeiture and condemnation pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America requests:

A. That the defendant property be proceeded against for forfeiture and condemnation, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

B. That the court adjudge and decree that the defendant currency be forfeit to the United States and disposed of according to law; and

C. The United States requests that any trial be before a jury.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


        By: s/Marsha A. McClellan
            MARSHA A. MCCLELLAN
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-2814