UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FUNDS IN THE AMOUNT OF SEVENTY-FIVE THOUSAND DOLLARS ($75,000)<br><br>    Defendant,<br><br>DONALD WINCHELL,<br><br>    Claimant. | Case No. 08CV2933 PH<br><br>The Honorable<br>Charles R. Norgle<br>Presiding |

**FILED**
JUL 2 4 2008
JUL 24 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF FILING**

TO:    Marsha A. McClellan
        Assistant United States Attorney
        219 S. Dearborn St, 5th Floor
        Chicago, Illinois 60604

    PLEASE TAKE NOTICE on __July 24__, 2008, at __11:10__ a.m., I filed an Affidavit in Support of Claimant's Motion to Quash Arrest and Suppress Evidence, a copy of which is attached and hereby served upon you.

                                    JOHN A. KRUPA

Law Firm of McDermott & Krupa, P.C.
jkrupa@krupalaw.com
4747 Lincoln Mall Drive, Suite 304
Matteson, Illinois 60443
Telephone: (708) 747-4500
Facsimile: (708) 747-4510
Attorney for Claimant

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

THE LAW FIRM OF McDERMOTT & KRUPA, P.C.
4747 LINCOLN MALL Dr., SUITE 304
MATTESON, IL 60443
Telephone No. (708) 747-4500; Facsimile No. (708) 747-4510

On June 25, 2008, I served the document entitled **Claimant's Affidavit in Support of Motion to Quash Arrest and Suppress Evidence** upon the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[X]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Matteson, Illinois, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Matteson, Illinois, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee.

[ ]   **FEDERAL EXPRESS BY AGREEMENT OF ALL PARTIES:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Matteson, Illinois.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **FAX (BY AGREEMENT ONLY):**  By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[ ]   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Date: July 24, 2008

JOHN A. KRUPA

<u>SERVICE LIST</u>

MARSHA A. MCCLELLAN
Dirksen Federal Building
219 South Dearborn, Suite 500
Chicago, Illinois 60604
Telephone: (312) 353-2814
Facsimile: (312) 353-4324
Attorney for the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FUNDS IN THE AMOUNT OF SEVENTY-FIVE THOUSAND DOLLARS ($75,000)<br><br>    Defendant. | Case No. 08CV2933 PH<br><br>CLAIMANT'S AFFIDAVIT IN SUPPORT OF MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE<br><br>Before the Honorable<br>CHARLES R. NORGLE<br>United States District Court Northern District of Illinois |

## CLAIMANT'S AFFIDAVIT IN SUPPORT OF MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

NOW COMES the Affiant, DONALD WINCHELL, being first duly sworn, on oath deposes and says that:

1. Several days prior to October 27, 2007, I reserved a round trip train ticket for travel between Chicago, Illinois (Union Station) and Emeryville, California on Amtrak Train #5, sleeper car #532, compartment C via the internet.

2. I arrived at the train station ninety (90) minutes prior to departure and paid cash for the ticket.

3. After purchasing the ticket, I boarded train #5, car #532, compartment C.

4. I did not check any baggage but had one suitcase which I personally carried onto the train.

5. At no time did I ever abandon the one suitcase I had in my possession.

6. My private leased room contained the amenities and privacy of a hotel room.

7. Upon boarding the train, I initially and mistakenly entered the wrong room and returned to the hallway to find the correct room.

4

8. Upon my return to the hallway, an officer who I have since come to know as Officer Romano, inquired as to my destination. I responded that I was heading to my room, room C.

9. Officer Romano directed me into room c, which was already occupied by other officers clad in DEA labeled attire who I have since come to know as Task Force Officer Ivanich, (hereinafter referred to as "Ivanich"), and Task Force Officer Oggerino.

10. Officer Romano then followed me into the room.

11. None of the officers requested my permission to enter the room on the train.

12. None of the officers presented me with a search warrant permitting them to enter my room without my permission.

13. I observed that none of the officers had a canine partner present on train #5, car #532 that day.

14. After entering the room, Ivanich questioned me regarding my identification and travel documents.

15. I produced a valid Illinois Driver's License and Amtrak train ticket. The ticket matched my legal name. Ivanich then returned the documents to me.

16. Ivanich questioned me about my travel plans. I answered I was going to visit my daughter in California.

17. Ivanich asked about the suitcase in the room and I stated that I owned the suitcase.

18. Ivanich asked whether I packed the luggage and I answered yes.

19. Ivanich asked whether any other person had given me a package to take to California and I answered no.

20. Ivanich asked whether I was carrying any weapons, narcotics, or large amounts of currency and I answered no.

21. Ivanich asked whether I was carrying any prescription medication and I answered yes.

22. Ivanich then asked if I would consent to a search of my luggage and I answered no.

23. Ivanich then stated that he was seizing my luggage without my consent and would not allow me to travel with my suitcase until a narcotic odor investigation could be conducted upon the bag.

24. The officers did not arrange for a narcotics dog to be present on the train, platform, or any place in public close to the train.

25. I could not leave without my suitcase.

26. The officers took possession of and carried my suitcase away from the train and would not let me carry it from the train.

27. The officers escorted me to an office in Union Station a substantial distance from my train, which was scheduled to immediately depart, and placed me in a room.

28. I had desired to continue with my trip but was unable to do so.

29. Upon reaching the room, the officers removed my bag to another room out of my sight and control.

30. The narcotic investigation did not occur in my presence.

31. I was intimidated by the officers' status, position, and demeanor.

32. The delay caused by the officer's investigation of my suitcase caused me to miss my train.

33. None of the officers indicated to me that I could end the interrogation at any time.

34. None of the officers indicated to me that I did not need to speak with the officers.

35. None of the officers read me Miranda Rights.

36. I have never been arrested or convicted for any offense involving illegal narcotics.

37. I do not have a record for any misdemeanor or felony offenses in any State or Federal court.

FURTHER AFFIENAT SAYETH NOT.

_____
Donald Winchell

Subscribed and sworn to before me
By Donald Winchell this ____ day of ____, 2008.

_____
Notary Public

Law Firm of McDermott & Krupa, P.C.
jkrupa@krupalaw.com
4747 Lincoln Mall Drive, Suite 304
Matteson, Illinois 60443
Telephone: (708) 747-4500
Facsimile: (708) 747-4510
Attorney for Claimant

7